IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSHUA CHATTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-048 (MN) |
| | ) |
| JOHN MALIK, et al., | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM OPINION</u>**

Joshua Chattin, Smyrna, Delaware – *Pro Se* Plaintiff

April 22, 2022
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiff Joshua Chattin ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("JTVCC"), filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). Plaintiff requests counsel. (D.I. 7). This Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

## I. BACKGROUND

The Complaint was filed on December 8, 2021.[1] Plaintiff brings this action pursuant to 42 U.S.C. § 1985(3), conspiracy to interfere with civil rights; 42 U.S.C. § 2000e-2(k)(1) *et seq.*, Title VII of the Civil Rights Act of 1974;[2] and 42 U.S.C. § 1985(3) and the Sixth and Fourteenth Amendments to the United States Constitution. (D.I. 3 at 12). In 2015 and 2016, Plaintiff was represented by Defendants John Malik ("Malik") and the John S. Malik Law Office ("Malik Law Firm") in a criminal matter. (*Id.* at 11-13). He was dissatisfied with the services of Malik and his law firm. (*Id*. at 12). Once the trial began, Malik convinced Plaintiff to abandon the trial and

---

[1] The Complaint is dated December 8, 2021. The envelope used by Plaintiff for his initial documents does not contain a postmark. It was received and file stamped by the Clerk's Office on January 12, 2022. The computation of time for complaints filed by *pro se* inmates is determined according to the "mailbox rule." Prisoner filings are deemed filed as of the date of delivery to prison officials for mailing to the court. *See Houston v. Lack*, 487 U.S. 266 (1988); *Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998); *Gibbs v. Decker*, 234 F. Supp. 2d 458, 463 (D. Del. 2002); *Rivers v. Horn*, C.A. No. 00-3161, 2001 WL 312236, at *1 n.1 (E.D. Pa. March 29, 2001). The Complaint was signed on December 8, 2021. Therefore, Plaintiff's Complaint was delivered to prison authorities for mailing sometime between December 8, 2021 and January 12, 2022 when it was received by the Clerk's Office. Giving Plaintiff the benefit, this Court concludes that Plaintiff's Complaint was filed on December 8, 2021, the date it was signed and the earliest date possible that it could have been delivered to prison officials in Delaware for mailing.

[2] Plaintiff's Title VII claims fails as a matter of law. The statute upon which he relies concerns unlawful employment practices. There are no allegations that Plaintiff was employed by any named defendant.

accept a guilty plea. (*Id*.). Plaintiff followed the advice and, on December 2, 2016, was sentenced to fourteen years imprisonment. (*Id*. at 13).

Plaintiff alleges that "well after having followed the advice" of Malik he discovered that Malik and his law firm "had been cited for multiple violations of the Delaware Lawyers Rules of Professional Conduct, which were directly correlative" to his criminal case. (*Id*. at 13). Plaintiff alleges that he was cited as an adverse party of Malik's violations and that Malik and his law firm's violations actively impeded the requisite professional responsibility while representing Plaintiff in the criminal matter. (*Id*.)

This Court takes judicial notice that with regard to Plaintiff, the Delaware Supreme Court Board on Professional Responsibility found that Malik required Plaintiff pay an advance fee but failed to provide Plaintiff with a written statement that the fee was refundable if not earned and the basis upon which the fees should be considered earned and that Malik filed to provide Plaintiff with statements of the fees earned at the time funds were withdrawn from Malik's trust account. *See* https://cases.justia.com/delaware/supreme-court/2017-260-2017.pdf?ts=1499457688 (last visited April 19, 2022). Plaintiff alleges that Defendants failed to notify him of the adverse action by the Delaware Supreme Court and this constitutes ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution, as well as violations of the Fifth and Fourteenth Amendments. D.I. 3 at 13-14). Plaintiff alleges that the Malik Law Firm was mandated to carry errors and omission insurance to protect its clients, and he has named Unknown E&O Insurer as a defendant. (*Id*. at 11). Plaintiff filed a detailed affidavit of fact to support his Complaint. (*See* D.I. 3-1).

Plaintiff seeks compensatory and punitive damages as well as injunctive relief.

## II.  LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d. at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under

3

§ 1915(e)(2)(B)). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, this Court, however, must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at

679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. DISCUSSION

#### A. Statute of Limitation

Plaintiff's 42 U.S.C. § 1985(3) claims are time-barred. Personal injury statute of limitations are applied to § 1985(3) violations. *See Purnell v. Delaware Dep't of Ins.*, No. CV 20-1058-RGA, 2022 WL 610701, at *2 (D. Del. Feb. 25, 2022) (citations omitted). In Delaware, § 1985 claims are subject to a two-year limitations period. *See* 10 Del. Code § 8119. Although state law determines the applicable limitations period for claims under § 1985, federal law governs a cause of action's accrual date. *See Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991). Claims under § 1985(3) accrue when a plaintiff "knew or should have known of the alleged civil rights violation." *Bougher v. University of Pittsburgh*, 882 F.2d 74, 80 (3d Cir. 1989). Generally, "[t]he determination of the time at which a claim accrues is an objective inquiry; we ask not what the plaintiff actually knew but what a reasonable person should have known." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "Although the statute of limitations is an affirmative defense, *sua sponte* dismissal is appropriate when 'the defense is obvious from the face of the complaint and no further factual record is required to be developed.'" *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir.

5

2006)). Accordingly a court may dismiss a time-barred complaint sua sponte under 28 U.S.C. § 1915A(b)(1).

Plaintiff complains of acts that occurred in 2016 and 2017. Although Plaintiff alleges that he did not find out about Malik's disciplinary matters until "'well after" he followed Malik's advice, the sanctions were of public record and, therefore, a reasonable person should have known of them. In addition, this Court notes that the sanctions were related to fees and client funds, not the sufficiency of assistance of counsel provided by Malik. Plaintiff did not file his Complaint until December 8, 2021. It is evident from the face of the Complaint that all claims that occurred prior to December 8, 2019 are barred by the two year limitations period. Accordingly, the Complaint will be dismissed as time-barred.

### B. Conspiracy

The Complaint attempts to raise conspiracy claims in violation of 42 U.S.C. § 1983(3). To state a claim under § 1985(3), a plaintiff must allege: "(1) a conspiracy of two or more persons; (2) motivated by racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of person to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or to the deprivation of any right or privilege of a citizen of the United States." *Petrossian v. Collins*, 479 F. App'x 409, 410 (3d Cir. 2012) (citing *Brown v. Philip Morris Inc.*, 250 F.3d 789, 805 (3d Cir. 2001).

The Complaint does not allege Defendants took an overt act in furtherance of an alleged conspiracy in violation of § 1985(3) or point to any facts supporting a conspiracy claim. *See McDeavitt v. McCarthy*, 767 F. App'x 365, 367 (3d Cir. 2019). Moreover, as discussed above, the claims are time-barred. Accordingly, the Complaint will be dismissed as legally frivolous.

**IV.     CONCLUSION**

For the above reasons, this Court will: (1) deny as moot Plaintiff's request for counsel (D.I. 7); and (2) dismiss the Complaint pursuant 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). Amendment is futile.

An appropriate Order will be entered.